HEEMSOTH KERNER CORP. *v.* UNITED STATES

**No. 6601.**—Invoices dated Bury, England, April 11, 1946, etc.
Certified April 15, 1946, etc.
Entered at New York, N. Y., May 8, 1946, etc.
Entry Nos. 759471; 760086.

(Decided December 11, 1946)

*Siegel, Mandell & Davidson* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax, described in the law of the United Kingdom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1402 (c)). *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. 183, C. A. D. 334.

An agreed set of facts, submitting these cases, establishes that export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), is the proper basis for appraisement of the instant merchandise, and that such statutory values for the articles in question are the appraised values, less additions made by the importer on entry because of advances in similar cases.

L. BAMBERGER & CO. ET AL. *v.* UNITED STATES

**No. 6602.**—Invoices dated London, England, January 2, 1942, etc.
Entered at Newark, N. J., February 27, 1942, etc.
Entry No. N–391, etc.

(Decided December 11, 1946)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.